IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENISE PAINTER ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 21-14-CJB |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Denise Painter Roberts' ("Plaintiff") Motion for Attorney Fees (the "Motion") pursuant to the Social Security Act, 42 U.S.C. § 406(b) ("Section 406(b)"). (D.I. 24) Defendant does not support or oppose the Motion. (D.I. 25) For the following reasons, Plaintiff's Motion is GRANTED.

**I.   BACKGROUND**

Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g) against then-acting Commissioner of the Social Security Administration ("SSA") Andrew Saul, seeking judicial review of the Commissioner's final decision denying Plaintiff's claim for disability insurance benefits. (D.I. 1) Plaintiff's counsel successfully obtained a remand of Plaintiff's case for further administrative proceedings. (D.I. 21; D.I. 24 at ¶ 1)

On October 7, 2024, the SSA issued an Important Information letter (the "Important Information letter") stating that the agency is still withholding $10,726.50, "which represents the balance of past due benefits withheld for [Plaintiff] in anticipation of direct payment of an

---

[1]   Frank Bisignano, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

authorized attorney's fee." (D.I. 24 at ¶ 2; *id.*, ex. A) Accordingly, on November 10, 2024, Plaintiff's counsel filed the instant Motion requesting an award of attorney's fees in the amount of $10,762.50. (D.I. 24) The Motion indicated that Plaintiff's counsel had not received a Notice of Award for this claim; therefore, at the time that the Motion was filed, the actual total amount of past-due benefits awarded to Plaintiff was unknown. (*Id.* at ¶ 3) The SSA has already issued a check to Plaintiff's attorneys for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,111.00. (*Id.* at ¶ 5)

With the total amount of past-due benefits awarded to Plaintiff unknown in the Motion, and with the law providing that an award of attorney's fees under Section 406(b) must not exceed 25 percent of the total of the past-due benefits (as will be explained further below), the Court ordered Plaintiff's counsel to supplement the record—i.e., to provide the Court with sufficient information that would allow it to confirm that the amount of attorney's fees requested in the Motion does not exceed 25 percent of the total of Plaintiff's past-due benefits. (D.I. 26) On November 20, 2025, Plaintiff's counsel submitted a Declaration in support of the Motion (the "Declaration"). (D.I. 27) The Declaration provides that: (1) a Notice of Award was never generated by the SSA for Plaintiff; (2) on August 19, 2024, the SSA issued a Notice of Change in Benefits letter (the "Notice of Change in Benefits letter") stating that Plaintiff's past-due benefits were $71,850.00 for May 2018 through March 2024; (3) 25 percent of the past-due benefits is $17,962.50; (4) the Notice of Change in Benefits letter stated that Plaintiff's hearing representative's fee agreement was approved in the amount of $7,200.00. (*Id.* at ¶¶ 1-3 & ex. A) Thus, the difference between 25 percent of the past-due benefits (i.e., $17,962.50) and the fee awarded to Plaintiff's hearing representative (i.e., $7,200.00) is $10,762.50—the fee award requested by the Motion.

## II. LEGAL STANDARD

The Social Security Act allows an award of attorney's fees "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney[.]" 42 U.S.C. § 406(b)(1)(A). The fee must be "reasonable" and shall not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" *Id.* "Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable considering the services rendered." *Wilson v. Astrue*, 622 F. Supp. 2d 132, 134 (D. Del. 2008) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court may consider the character of the representation and the results achieved in determining the reasonableness of the contingent fee arrangement; it may also adjust the award of attorney's fees downward if the attorney is responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*; *see also Short v. King*, Civil Action No. 22-1361-SRF, 2025 WL 507319, at *1 (D. Del. Feb. 14, 2025).

## III. DISCUSSION

Plaintiff and her counsel entered into a contingent fee agreement that provides for a fee of 25 percent of the past due benefits awarded to Plaintiff, within the statutory maximum allowed by Section 406(b). (D.I. 24 at ¶ 4; *id.*, ex. B at ¶ 3) With the Motion, Plaintiff's counsel seeks the balance of 25 percent of the past due benefits awarded to Plaintiff remaining from the fee that was paid to Plaintiff's hearing representative (i.e., $10,762.60).[2] Taking into account the highly

---

[2] While the Notice of Change in Benefits letter indicated that the SSA would withhold $4,824.38 in case Plaintiff's attorney requested a fee from the Court for work done before the Court, (D.I. 27, ex. A at 3), the later-issued Important Information letter indicated that the SSA was withholding $10,762.50 for such a fee, (D.I. 24, ex. A).

successful result counsel obtained for Plaintiff, the amount of time spent on the case,[3] counsel's experience, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee (which is consistent with the amount withheld by the SSA for the payment of attorney's fees) is reasonable. *See Wilson*, 622 F. Supp. 2d at 136-37; *Cawby v. Kijakazi*, C.A. No. 20-1371-JLH, 2023 WL 8019386, at *1 (D. Del. Nov. 20, 2023); *Tucker v. Berryhill*, Civ. No. 13-1246-LPS, 2017 WL 4613621, at *1 (D. Del. Oct. 16, 2017). Additionally, consistent with his legal obligations, counsel has represented that he will refund the previously obtained EAJA fees to Plaintiff upon receipt of the fees requested here. (D.I. 24 at ¶ 5); *see Furniss v. Astrue*, Civil Action No. 05-863-JJF, 2008 WL 3982393, at *1 (D. Del. Aug. 25, 2008).

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's Motion is GRANTED.

2. The Court authorizes a payment to Edward A. Wicklund in the amount of ten thousand, seven hundred and sixty-two dollars and fifty cents ($10,762.50) in attorney's fees being withheld from Plaintiff's past-due benefits for court-related services; and

3. Upon receipt of this sum, Plaintiff's counsel shall remit six thousand, one hundred and fifteen dollars ($6,115.00) directly to Plaintiff, representing the sum already paid to Plaintiff's counsel on Plaintiff's behalf pursuant to the EAJA.

Dated: November 21, 2025

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[3]   Counsel spent 33 hours working on this case. (D.I. 24 at ¶ 7; *id.*, ex. D)